## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

RODDERICK A. SMITH,
      Appellant,

      v.

DEPARTMENT OF THE AIR FORCE,
      Agency.

DOCKET NUMBER
AT-0752-14-0339-I-1

DATE: February 10, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Jerry Jerome Galloway</u>, Warner Robins, Georgia, for the appellant.

<u>Jonathan Lee Simpson</u>, Robins Air Force Base, Georgia, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed the appeal as untimely filed. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2    The agency removed the appellant from the WG-10 position of Aircraft Mechanic based on the charge of final revocation of eligibility for access to classified information or assignment to sensitive duties. Initial Appeal File (IAF), Tab 5 at 19-43 of 62. The decision to remove letter notified the appellant that an appeal to the Board must be filed within 30 days of December 5, 2013, the effective date of the removal action. *Id*. at 20 of 62. The appellant filed his appeal by facsimile on January 8, 2014. IAF, Tab 1 at 1. The agency filed a motion to dismiss the appeal as untimely filed. IAF, Tab 5 at 3-5 of 62. The administrative judge issued an order to the appellant noting the agency's motion to dismiss, and affording the appellant 7 days to show that his appeal was timely filed or that good cause existed for any delay in filing. IAF, Tab 6. The appellant did not respond to the order, and the administrative judge dismissed the appeal as untimely filed. IAF, Tab 9.

¶3    In his petition for review, the appellant states that he was depressed immediately after his removal was effected, and that, after a time, he went to his

union to file an appeal of his removal.  Petition for Review File, Tab 1.  He states that his appeal ended up being filed 2 days late.[2]  *Id*.

¶4        Generally, an appeal must be filed no later than 30 days after the effective date, if any, of the action being appealed, or 30 days after the date of receipt of the agency's decision, whichever is later.  5 C.F.R. § 1201.22(b).  As noted, the appellant acknowledges that his appeal was not filed within the regulatory time limit, admitting that his appeal was filed 2 days late.  The record is consistent with the appellant's admission.  The Board will dismiss an appeal not filed within the time limit unless the appellant establishes good cause for the filing delay.  5 C.F.R. § 1201.22(c).  An appellant bears the burden of proof on the timeliness issue. 5 C.F.R. § 1201.56(a)(2)(ii).

¶5        To establish good cause for the untimely filing of an appeal, a party must show that he exercised due diligence or ordinary prudence under the particular circumstances of the case.  *Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 184 (1980).  To determine whether an appellant has shown good cause, the Board will consider the length of the delay, the reasonableness of his excuse and his showing of due diligence, whether he is proceeding pro se, and whether he has presented evidence of the existence of circumstances beyond his control that affected his ability to comply with the time limits or of unavoidable casualty or misfortune which similarly shows a causal relationship to his inability to timely file his petition.  *Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62-63 (1995), *aff'd*, 79 F.3d 1167 (Fed. Cir. 1996) (Table).

---

[2] To have been timely filed, the appeal should have been filed by Monday, January 6, 2014.  Saturday, January 4, 2014, was the 30th day after December 5, 2013, which was the effective date of the appellant's removal.  IAF, Tab 5 at 20 of 62.  Because January 4, 2014, was a Saturday, the deadline for filing the appeal was Monday, January 6, 2014, the first workday after the filing deadline.  *See* 5 C.F.R. § 1201.23 (if the date that ordinarily would be the last day for filing an appeal falls on a Saturday, Sunday, or federal holiday, the filing period will include the first workday after that date).

¶6    Here, because the appellant failed to respond to the administrative judge's order informing the appellant of what he must show to establish good cause for his delay in filing and affording him the opportunity to make that showing, the administrative judge correctly found based on the record before him that the appellant untimely filed his appeal with no good cause shown for the delay. *See Hall v. Department of the Army*, 78 M.S.P.R. 222, 225 (1998) (when a petition for appeal is filed after the 30-day time limit for filing, an administrative judge should inform the parties that timeliness is an issue so that the parties are provided with a fair opportunity to respond to the timeliness issue); *cf. Marasco v. U.S. Postal Service*, 66 M.S.P.R. 555, 558 (1995) (the administrative judge correctly determined that the appellant's response to the timeliness show cause order that addressed only the merits of the appeal was not relevant and failed to establish good cause).  At issue in this appeal is whether the appellant's assertion (advanced for the first time on petition for review) that his delay in filing his appeal was caused by his depression meets the threshold requirement for issuance of a notice consistent with *Lacy v. Department of the Navy*, 78 M.S.P.R. 434 (1998).

¶7    In *Lacy*, the Board restated the rule that it will find good cause for waiver of its filing time limits where a party demonstrates that he suffered from an illness that affected his ability to file on time.  *Lacy*, 78 M.S.P.R. at 437.  The Board went on to affirm that to establish that an untimely filing was the result of an illness, the party must:  (1) identify the time period during which he suffered from the illness; (2) submit medical evidence showing that he suffered from the alleged illness during that time period; and (3) explain how the illness prevented him from timely filing either his appeal or a request for an extension of time.  *Id*.

¶8    The Board in *Lacy* described situations in which it would ask an appellant for more information on why his appeal was not submitted by the filing deadline or why a request for an extension of time was not made before the filing deadline.  Thus, a *Lacy* notice is intended to elicit information regarding the period before

the filing deadline lapsed to see whether illness prevented the appellant from meeting that deadline. *See Brenner v. U.S. Postal Service*, 80 M.S.P.R. 394, ¶¶ 4, 6-7 (1998) (evidence submitted in response to a *Lacy* notice had to establish that, between the date of the initial decision and the deadline date for filing the petition for review, the appellant was prevented from filing a petition for review by reason of his medical condition), *aff'd*, 215 F.3d 1346 (Fed. Cir. 1999) (Table).

¶9      As noted, the appellant's union represented him in this appeal. The administrative judge's show cause order was sent to the appellant's representative as well as to the appellant. IAF, Tab 6. Neither the appellant nor his representative responded to the order to argue that the appellant's depression caused his delay in seeking representation and timely filing the appeal of his removal. To the extent the appellant is arguing that his failure to raise below the issue that his depression caused his delay in filing is due in part to the fact that his union representation was inadequate, we note only that the appellant was represented by a union official at all times during the course of the proceedings below and must be held responsible for any purported deficiencies related to that representation. *See Lee v. Department of the Navy*, 43 M.S.P.R. 258, 261 (1990); *see also Holt v. U.S. Postal Service*, 36 M.S.P.R. 240, 244 (1988) (the lack of knowledge concerning Board procedures by the appellant's union representative, or his unavailability to assist the appellant in filing his appeal, does not constitute good cause for the Board to waive its timeliness requirements); *Sofio v. Internal Revenue Service*, 7 M.S.P.R. 667, 670 (1981) (the appellant is responsible for the errors of his chosen representative).

¶10     In *Smith v. Department of Veterans Affairs*, 84 M.S.P.R. 655 (2000), the Board qualified the rule that an appellant is responsible for the errors of his representative if an appellant makes specific and credible assertions that medical conditions prevented both him and his representative from filing an appeal on time. Here, the appellant has made no such assertion. *Smith* thus can be readily

distinguished from this case. Thus, the appellant is responsible for the failure of his representative to respond to the show cause order in which he might have advanced the argument that the delay in filing was caused by the appellant's depression. *See Lee*, 43 M.S.P.R. at 261. Under these circumstances, we find that the appellant's assertion raised for the first time on petition for review that his depression caused his delay in filing his appeal does not meet the threshold requirement for issuance of a notice consistent with *Lacy*.

## NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and

Appellants," which is contained within the court's <u>Rules of Practice</u>, and <u>Forms</u> 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at <u>http://www.mspb.gov/probono</u> for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:                          _____
                                        William D. Spencer
                                        Clerk of the Board

Washington, D.C.